Plaintiff's Name ___**Jason Smith**___

Prisoner No. ___**AD-8099**___

Institutional Address **Correctional Training Facility, P.O. BOX 689, Soledad, California 93960**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON SMITH,** <br> *(Enter your full name)* <br> v. <br> **JESUS LOPEZ, HUMBERTO VERA, JOSHUA PEFFLEY, ZACKAREY BROWN, SERGIO MORA, CEASAR BRAVO, HAYLEY MADSEN, et al.,** <br> *(Enter the full name(s) of all defendants in this action)* | Case No._____ <br> *(Provided by the clerk upon filing)* <br><br> **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983** <br><br> **JURY TRIAL DEMAND** |

## I. Exhaustion of Administrative Remedies.

*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement **CTF-C, P.O. BOX 689, Soledad, CA. 93960**

B. Is there a grievance procedure in this institution? **☒ YES**    ☐ **NO**

C. If so, did you present the facts in your complaint for review through the grievance procedure? ☒ **YES**    ☐ **NO**

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

    1.   Informal appeal: ___**N/A**___

    2.   First formal level: ___**N/A**___

3. Second formal level: **Appeal Log Nos. 30373 and 47670 both Disapproved**

4. Third formal level: **Appeal Log Nos. 30373 and 47670 both "Time Expired" for the Third Level to Respond**

E. Is the last level to which you appealed the highest level of appeal available to you?
☒ **YES**          ☐ **NO**

F. If you did not present your claim for review through the grievance procedure, explain why.

**N/A**

## II. Parties.

A. If there are additional plaintiffs besides you, write their name(s) and present address(es).

**N/A    for Additional Plaintiffs**

**Jason Smith, CTF-Central, P.O. BOX 689, Soledad, CA. 93960**

B. For each defendant, provide full name, official position and place of employment.

**Jesus Lopez is a Prison Lieutenant, Humberto Vera is a Prison Sergeant, Joshua Peffley is a Prison Sergeant, Zackarey Brown is a Prison Guard, Sergio Mora is a Prison Guard, Ceaser Bravo is a Prison Guard, Hayley Madsen is a Prison Guard, B. Barron, H. Orozco, V. Garcia, L. Scott, C. Vergara, and C. Mell are Prison Guard**

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

**See Attached Complaint**

**All of the named-Defendants are employed at the Correctional Training Facility, P.O. BOX 686, Soledad, CA. 93960, except for Defendants Joshua Peffley and C. Vergara who are employed at CDCR's Headquarters, P.O. BOX 942883, Sacramento, CA. 94283-0001**

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Plaintiff requests Declaratory and Injunctive relief. Plaintiff also requests Compensatory, Nominal, Exemplary, Punitive, and other Damages including Attorney Fees and Appointment of Counsel.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 05/03/22
Date

_Signature of Plaintiff_

Jason Smith CDCR# AD-8099

C-Wing/cell# 223L

P.O. BOX 689

Soledad, CA. 93960

Plaintiff, In Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON SMITH,
          Plaintiff,

          v.

JESUS LOPEZ, et al.,
          Defendants.
_____/

Case No.

COMPLAINT

Violation of 42 U.S.C. 1983

(DEMAND FOR JURY TRIAL)

I.

JURISDICTION

1. This court has jurisdiction pursuant to Title 28 U.S.C. 1331 and 1367, the individual named-Defendants are the persons who violated PLAINTIFF'S State and Federal constitutional rights, deliberately levying reprisals against a prisoner for taking part in protected conduct, and opening a prisoner's clearly marked "Legal Mail - Attorney/Cleint Privilege," outside the prisoner's presence-inhibited, chilled, and interfered with his communication with his attorney and consequently violated his constitutional right to free speech, all

1

in violation of the First Amendment, and deprives Plaintiff of federally guaranteed right under color of law, in contravention of clearly established laws. Plaintiff also seeks Declaratory judgment pursuant to 28 U.S.C. 2201.

## FULL TITLE PAGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON SMITH,
      Plaintiff,

   v.

JESUS LOPEZ, Prison Investigative Services Unit ("ISU") Lieutenant employed with the California Department of Corrections and Rehabilitation ("CDCR"), in His Individual Capacity.

HUMBERTO VERA, Prison ISU Sergeant employed with the CDCR, in His Individual Capacity.

JOSHUA PEFFLEY, Prison ISU Sergeant employed with the CDCR, in His Individual Capacity.

ZACKAREY BROWN, Prison ISU Guard employed with the CDCR, in His Individual Capacity.

SERGIO MORA, Prison ISU Guard employed with the CDCR, in His Individual Capacity.

CEASAR BRAVO, Prison ISU Guard employed with the CDCR, in His Individual Capacity.

HAYLEY MADSEN, Prison ISU Guard employed with the CDCR, in Her Individual Capacity.

B. BARRON, Prison ISU Guard employed with the CDCR, in His Individual Capacity.

H. OROZCO, Prison ISU Guard employed with the CDCR, in His Individual Capacity.

V. GARCIA, Prison ISU Guard employed with the CDCR, in Her Individual Capacity.

L. SCOTT, Prison ISU Guard employed with the CDCR, in Her Individual Capacity.

C. VERGARA, Prison ISU Guard employed with the CDCR, in His Individual Capacity.

C. MELL, Prison ISU Guard employed with the CDCR, in His Individual Capacity.

         Defendants.

Case No.

## II.

### VENUE

2. venue is proper in this Court pursuant to Title 28 U.S.C. 1391(b)(2), as substantial part of the events or omissions giving rise to the claims made herein occurred in this district.

## III.

### PARTIES

3. PLAINTIFF JASON SMITH ("Plaintiff"), was at all times relevant to this action a prisoner confined in the California Department of Corrections and Rehabilitation ("CDCR"), and is currently confined at the Correctional Training Facility ("CTF"), in Soledad, California.

4. DEFENDANT J. LOPEZ ("Lopez"), was at all times relevant to this action a Prison Investigative Services Unit ("ISU") Lieutenant employed with the CDCR and was a state actor (acting under color of law). lopez was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Lopez knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside Plaintiff's presence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the

First Amendment. Lopez is personally responsible for the injuries Plaintiff sustainted. Lopez is being sued in his individual capacity.

5. DEFENDANT H. VERA ("Vera"), was at all times relevant to this action a Prison ISU Sergeant employed with the CDCR and was a state actor (acting under color of law). Vera was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Vera knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protect conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside Plaintiff's presence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Vera is personally responsible for the injuries Plaintiff sustained. Vera is being sued in his individual capacity.

6. DEFENDANT J. PEFFLEY ("Peffley"), was at all times relevant to this action a Prison ISU Sergeant employed with the CDCR and was a state actor (acting under color of law). Peffley was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Peffley knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's

clearly marked "Legal Mail - Attorney/Client Privilege," outside the presence of Plaintiff, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Peffley is personally responsible for the injuries sustained. Peffley is being sued in his individual capacity.

7. DEFENDANT Z. BROWN ("Brown"), was at all times relevant to this action a Prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Brown was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Brown knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outsude Plaintiff's presence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Brown is personally responsible for the injuries Plaintiff sustained. Brown is being sued in his individual capacity.

8. DEFENDANT S. MORA ("Mora"), was at all times relevant to this action a Prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Mora was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Mora

knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside Plaintiff's pre- sence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his at- torney, all in violation of the First Amendment. Mora is personally responsible for the injuries Plaintiff sustained. Mora is being sued in his individual capacity.

9. DEFENDANT C. BRAVO (Bravo"), was at all times relevant to this action a Prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Bravo was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Bravo knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside Plaintiff's pre- sence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his at- torney, all in violation of the First Amendment. Bravo is personally responsible for the injuries Plaintiff sustained. Bravo is being sued in his individual capacity.

10. DEFENDANT H. MADSEN ("Madsen"), was at all times relevant to

this action a Prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Madsen was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Madsen knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside Plaintiff's presence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Madsen is personally responsible for the injuries Plaintiff sustained. Madsen is being sued in her individual capacity.

11. DEFENDANT B. BARRON ("Barron"), was at all times relevant to this action a prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Barron was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Barron knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside Plaintiff's presence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Barron is personally responsible for the injuries Plaintiff sustained. Barron is being

sued in his individual capacity.

12. DEFENDANT H. OROZCO ("Orozco"), was at all times relevant to this action a Prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Orozco was legally respon-sible for, but not limited to, ensuring compliance with state and fe-deral laws as it pertains to the safety and security of the institu-tion. Orozco knowingly and willfully violated Plaintiff's rights by retaliating against him for tking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside the presence of Plaintiff, and reading confidential communication; thereby, inhi-bited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Orozco is per-sonally responsible for the injuries Plaintiff sustained. Orozco is being sued in his individual capacity.

13. DEFENDANT V. GARCIA ("Garcia"), was at all times relevant to this action a Prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Garcia was legally respon-sible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the insti-tution. Garcia knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plain-tiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside

by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside Plaintiff's presence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Vergara is personally responsible for the injuries Plaintiff sustained. Vergara is being sued in his individual capacity.

16. DEFENDANT C. MELL ("Mell"), was at all times relevant to this action a Prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Mell was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Mell knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside Plaintiff's presence, and resding confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Mell is personally responsible for the injuries Plaintiff sustained. Mell is being sued in his individual capacity.

IV.

Plaintiff's presence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Garcia is personally responsible for the injuries Plaintiff sustained. Garcia is being sued in her individual capacity.

14. DEFENDANT L. SCOTT ("Scott"), was at all times relevant to action a Prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Scott was legally responsible for, but not limited to, ensuring compliance with state and federal laws it pertains to the safety and security of the institution. Scott knowingly and willfully violated Plaintiff's rights by retaliating against him for taking part in protected conduct and by acting in concert with the named-codefendants by violating Plaintiff's right to free speech, by intentionally opening Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," outside Plaintiff's presence, and reading confidential communication; thereby, inhibited, chilled, and interfered with Plaintiff's communication with his attorney, all in violation of the First Amendment. Scott is personally responsible for the injuries Plaintiff sustained. Scott is being sued in her individual capacity.

15. DEFENDANT C. VERGARA ("Vergara"), was at all times relevant to this action a Prison ISU Guard employed with the CDCR and was a state actor (acting under color of law). Vergara was legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution. Vergara knowingly and willfully violated Plaintiff's rights

FACTUAL ALLEGATIONS

17. PLAINTIFF incorporates all claims alleged in paragraphs 1 through 16 above as though they were stated fully herein.

18. Following an institutional racial raid conducted by CTF ISU staff, on July 20, 2020, Plaintiff sent letters to various legal entities on or about July 27, 2020, requesting an inquiry, investigation, or any other forms of assistance for the prisoners who were targeted in the raid. One of Plaintiff's letter was sent to the Office of Internal Affairs and one was sent to Pavone and Fonner Law Firm. See Exhibit A

19. On August 17, 2020, Craig Koenig, the prison's warden, responded to the letter Plaintiff had sent to the Office of Internal Affairs. See Exhibit B

20. On August 18, 2020, Plaintiff submitted a CDCR-602 Appeal Log No. 30373, alleging First, Eighth, and Fourteenth Amendment violations related to the July 20, 2020 raid. See Exhibit C

21. On September 29, 2020, Plaintiff received from attorney Benjamin Pavone confidential corresponce that was clearly marked "Legal Mail - Attorney/Client Privilege," for which would be impossible for any prison official to "open in error."

22. Plaintiff received, on September 29, 2020, his "Legal Mail - Attorney/Client Privilege" from prison officials, for which was open-

ed outside his presence, and stated "open in error" "ISU staff." See Exhibit_D

23. Plaintiff contends, his Legal Mail dated September 29, 2020, was opened purposefully by ISU staff, as the prison's mail room is a separate building from the prison's Investigative Services Unit building; therefore, Plaintiff's legal mail would have been "sent" to the ISU, or ISU staff would have had to travel approximately quarter mile from their building to the prison's mail room building to have any access to Plaintiff's legal mail, and the opening of Plaintiff's legal mail from attorney Benjamin Pavone occurred "after" prison officials became aware of Plaintiff's letter to the Office of Internal Affairs and the submission of Appeal Log No. 30373.

24. Courts have ruled prisoners have the right to confer privately with counsel, and the practice of opening legal mail in the prisoner's presence is specifically designed to protect that right. The First Amendment protects prisoners' right to have legal mail opened in their presence.

25. Courts have also held that "even a single instance of improper reading of a prisoner's legal mail can rise to a constitutional violation. See Accord Nyland v. Calaveras, 688 Fed. Appx. 483, 485-86 (9th Cir. 2017)[1] (allegations that defendants delivered to plaintiff "clearly marked legal mail that had been previously opened"

---

[1] In addition to prior case laws, the CDCR's own regulations provide that an inmate's incoming attorney mail "should" be opened in the inmate's presence. See CCR 3141(c)(6). Plaintiff is mindful that

and "signed a document admitting jail staff opened the mail outside [plaintiff's] presence" were sufficient to state a viable First Amendment claim).

26. In Hayes v. Idaho Correctional Center, 849 F. 3d 1204 (9th Cir. 2017), the Court held that "Prisoners have a protected First Amendment interest in having their properly marked legal mail opened in their presence." Plaintiff also contends that his right to confer his attorney Benjamin Pavone has been chilled by CTF ISU staff, and that it has been an ongoing pattern, practice, and custom of prison officials, here at CTF, in opening clearly marked legal mail outside Plaintiff's and other inmates' presence. See Exhibit E

while the regulations themselves do not constitute constitutional law, they will further undermine any potential future claim by defendants that they were unaware of their legal obligations in handling Plaintiff's confidential mail.

## V.

## CAUSES OF ACTION

### COUNT 1

**The Named-Defendants Purposefully Opened and Read the Contents of Plaintiff's Legal Mail in Retaliation for Petioning the Government for Redress of Grievances, Violates Plaintiff's First Amendment Rights.**

27. PLAINTIFF incorporates all claims alleged in paragraphs 1 through 26 above as though they were stated fully herein.

28. The named-Defendants' actions implemented a chilling effect and sought to dissuade Plaintiff from utilizing the established Appeal System, for which did not advance any legitimate correctional goal.

29. The named-Defendants after becoming aware of Plaintiff's complaint to the Office of Internal Affairs and Plaintiff submission of Appeal Log No. 30373, intentionally intercepted Plaintiff's clearly marked "Legal Mail - Attorney/Client Privilege," opened and read confidential communication, outside Plaintiff's presence, and in an effort to cover-up their constitutional violations, documented "falsely" that Plaintiff's clearly marked legal mail was "opened in error." The Defendants' actions were and continue to be intentional, willful, malicious, retaliatory, and was done with evil motive and reckless disregard for the rights of Plaintiff.

## VI.

## COUNT 2

**The Named-Defendants Purposefully Opened and Read the Contents of Plaintiff's Confidential Communication With His Attorney Outside Plaintiff's Presence, for Inhibited, Chilled, and Interfered With Plaintiff's Communication With His Attorney and Consequently Violated His Constitutional Right to Free Speech, in Violation of the First Amendment.**

30. PLAINTIFF incorporates all claims alleged in paragraphs 1 through 29 above as though they were stated fully herein.

31. The prison's "pattern and practice" of opening attorney mail outside the inmate's presence allowed the named-Defendants to interfere with Plaintiff's protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon Plaintiff's right to freedom of speech, in violation of the First Amendment.

32. The named-Defendants opening of Plaintiff's attorney mail outside his presence, and reading its contents, "deprives the expression of confidentiality and chills Plaintiff's protected expression," as the only way to ensure that confidential mail is not read when opened....... is to require that it be done in the presence of the inmate to whom it is addressed.

## DECLARATORY RELIEF ALLEGATIONS

33. PLAINTIFF incorporates all claims alleged in paragraphs 1 through 32 above as though they were fully stated herein.

34. A present and actual controversy exist between Plaintiff and the herein named-Defendants concerning their rights and respective duties. Plaintiff alleges that the named-Defendants violated his First Amendment Rights. Plaintiff is informed and believes, and there-on alleges that the named-Defendants deny these allegations. Declara-tory Relief is therefore necessary and appropriate.

## INJUNCTIVE RELIEF ALLEGATIONS

35. PLAINTIFF incorporates all claims alleged in paragraphs 1 through 34 above as though they were fully stated herein.

36. No plain adequate or complete remedy at law is available to Plaintiff to redress the wrongs alleged herein. If the Court does not GRANT Injunctive Relief sought, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

1. For an Order enjoining the named-Defendants from engaging in the unlawful conduct alleged in the Complaint.

2. For an Order granting other Injunctive Relief as may be deem

appropriate.

3. For an Order granting Declaratory Relief as may be deem appropriate.

4. Compensatory damages in the amount of Fifty Thousand dollars ($50,000), from each Defendant to Plaintiff for the injuries sustained.

5. Exemplary damages in the amount of Fifty Thousand dollars ($50,000), from each Defendant to Plaintiff as an enhancement of compensatory damages because of the malicious, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under colr of law from committing these or similar acts.

6. Nominal damages in the amount of Fifty Thousand dollars ($50,000), from each Defendant to Plaintiff which he is entitled to because the law may infer the damages or the invasion of a Constitutional Right in light of the facts described herein.

7. Punitive damages in the amount of Fifty Thousand dollars ($50,000), from each Defendant to Plaintiff as an enhancement to compensatory damages because of the malicious, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under color of law from committing these or similar acts.

8. Appointment of Counsel as Plaintiff is a lay-person and un-

skilled at law.

9. Costs of suit incurred herein.

10. Attorney's fee and costs.

11. An Order directing the U.S. Marshal to serve the named-Defendants including waiver of any and all processing/service fees.

12. Any other such and further relief as the Court may deem appropriate.

Executed this __3 rd__ day of May, 2022, at the Correctional Training Facility, Monterey County, Soledad, California.

/s/ _Jason Smith_

VERIFICATION (VERIFIED COMPLAINT)

Being competent to make this declaration and having personal knowledge of the statements and allegations made in this lawsuit, I, _Jason Smith_, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that all statements and allegations made herein are true and correct to the best of my knowledge, information and belief.

Executed this _3rd_ day of _May_, _2022_ at _Soledad_, California.

Signature: _Jason Smith_

# Exhibit A

| AD8099 | SMITH | ATTORNEY GENERAL | SAN FRANCISCO, CA | CW-223L | 7/15/2020 |
|--------|-------|------------------|------------------|---------|-----------|
| AD8099 | SMITH | U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | SAN JOSE, CA | CW-223L | 7/15/2020 |
| AD8099 | SMITH | U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | SAN FRANCISCO, CA | CW-223L | 7/24/2020 |
| AD8099 | SMITH | DENNIS CUNNINGHAM, ATTORNEY AT LAW | SAN FRANCISCO, CA | CW-223L | 7/28/2020 |
| AD8099 | SMITH | U.S. DEPARTMENT OF JUSTICE | WASHINGTON, D.C. | CW-223L | 7/28/2020 |
| AD8099 | SMITH | OFFICE OF THE ATTORNEY GENERAL | SAN FRANCISCO, CA | CW-223L | 7/28/2020 |
| AD8099 | SMITH | PAVONE & FONNER LLP | SAN DIEGO, CA | CW-223L | 7/28/2020 |
| AD8099 | SMITH | ACLU | WASHINGTON, D.C. | CW-223L | 7/28/2020 |
| AD8099 | SMITH | PRISON LAW OFFICE | SAN FRANCISCO, CA | CW-223L | 7/28/2020 |
| AD8099 | SMITH | OFFICE OF INTERNAL AFFAIRS | SACRAMENTO, CA | CW-223L | 7/28/2020 |
| AD8099 | SMITH | OFFICE OF OMBUDSMAN | SACRAMENTO, CA | CW-223L | 7/28/2020 |
| AD8099 | SMITH | TRACY LUM, ATTORNEY AT LAW | PATTERSON, CA | CW-223L | 7/28/2020 |
| AD8099 | SMITH | XAVIER BECERRA, ATTORNEY AT LAW | SAN FRANCISCO, CA | CW-223L | 7/28/2020 |
| AD8099 | SMITH | PRISON LAW OFFICE | BERKELEY, CA | CW-223L | 7/28/2020 |

Jason Smith CDCR# AD-8099
C-Wing/cell# 223L
P.O. BOX 689
Soledad, CA. 93960



RECEIVED

AUG 0 3 2020

OIA-CENTRAL

RECEIVED

JUL 3 1 2020

OIA-1717-2020

RE: Unconstitutional Brutality by Prison Officials

To whom it may concern,

I am writing this very concerning letter advocating on the behalf of many disenfranchise, incapable black prisoners, who suffered extreme brutality at the hands of CDCR prison officials on July 20, 2020, at 3:00 a.m., pre-dawn hours, at the Correctional Training Facility-Central ("CTF-C"). Approximately 200 black inmates were violently dragged off their bunks, while sleeping, without any warnings or lawful orders, causing severe aggravated or new injuries to their bodies.

These violent assaults were approved by high ranking officials in the CDCR, included but not limited to: Director and/or Secretary of CDCR, CTF-Warden Craig Koenig, the Office of Correctional Safety (OCS), etc. These violent assaults were carried out by prison officials that include but are not limited to: CTF-ISU, CTF-Custody Staff, SVSP-ISU, CDCR Special Services Unit-Gang Intel Operations, etc.

After many of the 200 black inmates were violently dragged off their bunks, under the guise of gang affiliation, regardless of good behavior and lack of any documented gang affiliation, they were further assaulted by unidentified prison agents dressed in full riot gears. These 200 Black prisoners were individually zip-tied, led away in the dark to the facilities' Dining Halls, while being barefooted, only wearing what they had fallen asleep in, precluded from grabbing their face masks, crammed into the Dining Halls, and forced to sit shoulder to shoulder to each other.

It has been widely reported that when these prisoners were being escorted to the Dining Halls, they observed many CTF-Custody Staff and other unknown prison officials without any face coverings, and when they asked prison officials about their lack of face coverings, racial slurs were stated to them. These prisoners were forced to sit in unsafe conditions, precluded from using the restroom, denied medical attention, and were not told what were the reason(s) for the brutal treatments they were being subjected to.

California prison officials have essentially allowed CTF-Central to be ran like internment camps with the prisoners being subjected to violence and harm by abusive, novice officers, with total disregard for the prisoners' health and safety. I have assisted many of these prisoners with submitting an initial inmate grievance, but I acknowledge more needs to be done. The treatment these prisoners were subjected to would shock the conscious of any civilized soceity.

Pg. 1 of 2

In closing, I am asking that an inquiry, investigation, or any other forms of assistance be rendered to those vulnerable prisoners who were actually victims, that were brutalized at the hands of prison officials, acting under the color of law, on 07/20/20, at 3:00 a.m. in the morning. I look forward to your prompt response to this very important matter. Thanks in advance.

Yours Respectfully,

Dated: 07/27/20

/s/ _Jason Smith_

Jason Smith CDCR# AD-8099

Jason Smith CDCR# AD-8099
C-Wing/cell# 223L
P.O. BOX 689
Soledad, CA. 93960

LEGAL MAIL

U.S POSTAGE PITNEY BOWES

ZIP 93960   $ 000.50
02 4W

Northern Region
Office of Internal Affairs
P.O. BOX 3009
Sacramento, CA. 95812

958123009 8900

# EXHIBIT B

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    GAVIN NEWSOM, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
**CORRECTIONAL TRAINING FACILITY**
PO Box 686
Soledad, CA 93960-0686

August 17, 2020

Jason Smith, AD8099
Facility C, CW 223L
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960

Inmate Smith:

This letter is in response to a correspondence authored by you sent to the Office of Internal Affairs (OIA), California Department of Corrections and Rehabilitation.  This correspondence shall serve as a formal response regarding this issue.

Within the letter you submitted, it states you are writing on behalf of many disenfranchised offenders alleging they suffered extreme brutality at the hands of Unidentified Prison Officials.

We would like to acknowledge you for assisting other offenders with submitting grievances so they may utilize the grievance process and address their distresses. The grievance process is intended to provide a remedy for inmates with identified grievances and to provide an administrative mechanism for review of departmental policies, decisions, actions, conditions or omissions that have a material adverse effect on the welfare of inmates.

All incidents wherein use of force is used are examined. The actions taken on July 20, 2020 are currently under inquiry. I take misconduct by staff very seriously and appropriate action is taken when needed.  All staff personnel matters are confidential in nature.  As such, the details of any inquiry will not be shared with staff, members of the public, or inmates.

Inmate Smith you encouraged to submit any/all grievance claims directly to the Office of Grievances at (CTF). Circumventing the appeals process by sending inmate grievances to any other department other than the OOG creates an undue burden upon the OOG and the departments wherein you are inappropriately sending your inmate grievance claims. This is considered misuse or abuse of the grievance process. You are required to submit all CDCR 602/602-1 Inmate Grievances in compliance with CCR 3084, and are subject to the time limitations as set forth in the CCR 3084.8.

In closing, it is my goal to provide a safe and secure environment while maintaining a level of professionalism suited not only for my standards, but also of the standards of the California Department of Corrections and Rehabilitation (CDCR).

Sincerely,

C. KOENIG
Warden
Correctional Training Facility

# Exhibit C



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:**  SMITH, JASON ANDREW          **Date:**  01/22/2021
**CDC#:** AD8099
**Current Location:**  CTF-Facility C          **Current Area/Bed:** C  CW  2 - 223001L

**Log #:**  000000030373

---

**Claim #  001**

**Institution/Parole Region of Origin:** Correctional Training Facility          **Facility/Parole District of Origin:** CTF-Facility C
**Housing Area/Parole Unit of Origin:**
**Category:**  COVID-19          **Sub-Category:**  Social Distancing

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals received this claim on 11/02/2020.

California Code of Regulations, title 15, provides the Office of Appeals 60 calendar days to complete a response. Due to the expiration of time, this response by the Office of Appeals will be the only response.

You do not need to resubmit this claim to the Office of Grievances or to the CDCR Office of Appeals.

**Decision: Time Expired**

---

**Claim #  002**

**Institution/Parole Region of Origin:** Correctional Training Facility          **Facility/Parole District of Origin:** CTF-Facility C
**Housing Area/Parole Unit of Origin:**
**Category:**  Facilities          **Sub-Category:**  Other Facilities Issue - NOS

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals received this claim on 11/02/2020.

California Code of Regulations, title 15, provides the Office of Appeals 60 calendar days to complete a response. Due to the expiration of time, this response by the Office of Appeals will be the only response.

You do not need to resubmit this claim to the Office of Grievances or to the CDCR Office of Appeals.

**Decision: Time Expired**

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

## CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** SMITH, JASON ANDREW      **Date:** 10/03/2020
**CDC#:** AD8099

**Current Location:** CTF-Facility C      **Current Area/Bed:** C CW 2 - 223001L

**Log #:** 000000030373

**Claim #:** 001
**Institution/Parole Region of Origin:** Correctional Training Facility      **Facility/Parole District of Origin:** CTF-Facility C
**Housing Area/Parole Unit of Origin:**
**Category:** COVID-19      **Sub-Category:** Social Distancing

### I. CLAIM

Violation of quarantine/program status.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR 3000 Modified ProgramCCR 3084 Inmate AppealsCCR 3300 Prevention of DisorderCCR 3383 State of Emergency

#### B. DOCUMENTS CONSIDERED

Grievance submitted

### III. REASONING AND DECISION

Correctional Training Facility (CTF) Facility C current program is modified and currently under a Program Status Report (PSR). PSR CTF-C-20-004. On J 31, 2020, three inmates tested positive for Corona Virus (COVID-19) at CTF, Facility C. Additional positive cases have continued to ensue. Due to the aforementioned, for the safety and wellbeing of the population and staff; Facility C remains on modified program. Currently, the Facility C Gym Dorm' D-Wing; E-Wing; G-Wing, and Y-Wing remain on quarantine.Per CCR 3000, Modified Program means the suspension or restriction of less than all inmate program activities and/or movement. A Modified Program may either occur independently in response to an incident or unusual occurrence or may occu a facility transitions from a lockdown to regular programming. Imposed restrictions may fluctuate as circumstances dictate with the goal of resuming reg programming as soon as it is practical. Modified programming will last no longer than necessary to restore institutional safety and security or to investiga the triggering event, and shall not target a specific racial or ethnic group.Furthermore, all modifications to program activities are based on an overall rev of the security and needs of the institution to operate in a safe manner. The requirement of custodial security, the safety of the public, staff, and inmate: must take precedence over all other considerations in the operation of all the programs and activities of the institution and of the department.The Califor Department of Corrections and Rehabilitation (CDCR) allows all inmates equal access to programs, services and activities. It is not the intent to deprive a inmate of these rights as it pertains to the constitution and the policies that govern this department. In situations as this, safety and security of the institution and inmates is paramount.The CDCR and CTF are committed to the safety of the community, staff, and those in its care. Executives and staff CDCR and California Correctional Health Care Services (CCHCS) are working closely with infectious disease control experts to minimize the impact of CO' 19 on our operations. All CDCR institutions have been instructed to conduct additional deep-cleaning efforts in high-traffic, high-volume areas, including visiting and health care facilities. Additional hand sanitizer dispensing stations are being procured and will be placed inside adult institution entrances and visiting areas. The incarcerated population is being provided extra soap when requested and hospital-grade disinfectant that meets Centers for Disease Control and Prevention (CDC) guidance for COVID-19.The incarcerated population has received information about social distancing. Staff and inmates ar practicing social distancing strategies where possible, including limiting groups to no more than 10, rearranging scheduled movements to minimize mixin people from different housing areas, encouraging social distancing during yard time, and adjusting dining schedules/process where possible to allow for

social distancing and additional cleaning and disinfecting. As part of CDCR's COVID-19 prevention efforts, normal visiting and overnight family visits at a and juvenile facilities is canceled statewide until further notice based on California Department of Public Health guidance. CTF, CDCR, and CCHCS, will continue to work diligently with the CDC on how we can best keep our workforce protected and provide for the safety and security of our institutions.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office Appeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| K. Mensing [MEKE003] | CDW (A) | 10/02/2020 |

---

**Claim #: 002**

**Institution/Parole Region of Origin:** Correctional Training Facility        **Facility/Parole District of Origin:** CTF-Facility C
**Housing Area/Parole Unit of Origin:**
**Category:** Facilities                    **Sub-Category:** Other Facilities Issue - NOS

### I. CLAIM

Inmate Smith is claiming he was not afforded his mandated showers, law library, and laundry exchange.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR 3000 Modified ProgramCCR 3084 Inmate AppealsCCR 3084.1 Right to AppealCCR 3383 State of Emergency

#### B. DOCUMENTS CONSIDERED

Grievance Submitted PSR CTF-C-20-004

### III. REASONING AND DECISION

The health and safety of our population is of critical importance to the California Department of Corrections and Rehabilitation (CDCR) and California Correctional Health Care Services (CCHCS). CDCR understands the risks that the COVID-19 pandemic presents to CDCR inmates, and staff. In an effort protect the inmate population, CTF was placed on Program Status Report (PSR) CTF-C-20-004 in effort to prevent the spread of COVID-19. CTF current program is modified and currently under a PSR CTF-C-20-004. The inmate population for CTF currently has a tier rotation for showers, which usually aff each inmate a shower. However, as the facility is on tier rotation for showers; the facility is also on a rotation for yard. Nevertheless, the officer shall ma every attempt to facilitate the inmate to get his shower by allowing continuous showering opportunities each day. However, all activities to include show are based on an overall review of the security and needs of the institution to operate in a safe manner. In attempts to run as much program as possible each housing unit has access to use phones daily in the housing unit, laundry exchange is done weekly, canteen packages are being facilitated by staff t allow the purchase of hygiene products along with canteen items and the Law library is open to PLU inmates. Per CCR 3000, Modified Program means th suspension or restriction of less than all inmate program activities and/or movement. A Modified Program may either occur independently in response to incident or unusual occurrence or may occur as a facility transitions from a lockdown to regular programming. Imposed restrictions may fluctuate as circumstances dictate with the goal of resuming regular programming as soon as it is practical. Modified programming will last no longer than necessary restore institutional safety and security or to investigate the triggering event, and shall not target a specific racial or ethnic group. Furthermore, all modifications to program activities are based on an overall review of the security and needs of the institution to operate in a safe manner. The requirem of custodial security, the safety of the public, staff, and inmates must take precedence over all other considerations in the operation of all the programs activities of the institution and of the department. In closing, the CDCR allows all inmates equal access to programs, services and activities. It is not the intent to deprive any inmate of these rights as it pertains to the constitution and the policies that govern this department. In situations as this, safety an security of the institution and inmates is paramount.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of
ppeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| K. Mensing [MEKE003] | CDW (A) | 10/02/2020 |

**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

Side 1

IAB USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment |
|---|---|---|---|
| Smith        Jason | AD-8099 | CW/cell# 223 | *** |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): Staff Complaint
pursuant to CCR 3391; 1st, 8th and 14th Amendment Violations

RECEIVED
AUG 18 2020
CTF Appeals

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): I am placing the
the following state officials on notice (i.e. Warden C.
Koenig, OGS agents, CTF-Custody Staff, CTF-Medical Staff,
and all other unknown state actors noted here as John Does

B. Action requested (If you need more space, use Section B of the CDCR 602-A): (1) That I be im-
mediately remove from this restrictive quarantine/program
status, (2) That I be allowed to access the CTF-C Law Li-
brary per my court ordered deadline, (3) That reviewing

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory, CDC 128-G, Classification Chrono):

_____    _____

_____    _____

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

Inmate/Parolee Signature: _Jason Smith_    Date Submitted: 08/18/20

☐ By placing my initials in this box, I waive my right to receive an interview.

STAFF USE ONLY

**C. First Level - Staff Use Only**    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
    Assigned to: _____ Title: _____ Date Assigned: _____ Date Due _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
    Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
    See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
                (Print Name)
Reviewer: _____ Title: _____ Signature: _____
                (Print Name)
Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ___/___/___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log # | Category |
|---|---|---|---|
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|---|
| Smith | Jason | AD-8099 | CW/cell# 223L | **** |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** 1-100 inclusive) of their liabilities for (Claim #1) Racial Discrimination; (Claim #2) Cruel & Unusual Punishment; (Claim #3) Due Process/ Equal Protection; and, (Claim #4) Delay/Denial of Access to the Library & Court. FACTUAL ALLEGATIONS: On 07/20/20, CTF-Custody and OCS agents conducted a frivolous, racial raid, extracting about 150 black prisoners out there cells, without allowing them to wear any PPEs and placing them in the Dining Hall without social distancing. As a result of that raid, dozens of prisoners contracted COVID-19. On 08/01/20, I was placed on a restrictive quarantine status without being informed by any medical or custody staff the reason(s) for being placed on that status, nor have I seen any written notifications. I am presently on this restrictive program status without Due Process. As a result of being placed on this status, I am being delayed / denied access to the law library and the court. I presently have a court ordered 2nd line for the Case of Smith v. Mendoza, et al., Case# 19-03750-BLF. I retain the right to Due Process on restriction imposed

Inmate/Parolee Signature: _Jason Smith_    Date Submitted: 08/18/20

**B. Continuation of CDCR 602, Section B only (Action requested):** staff state, why am I "NOT" treated the same as other inmates similarly situated in Y-Wing, in that after (14) days COVID-19 symptoms free, those inmates are removed from quarantine status, (4) That reviewing staff state, why was I not afforded a mandatory (72) hrs shower per quarantine mandate on 08/03/20 and 08/15/20, (5) That reviewing staff state, why have there only been "ONE" laundry exchange for C-Wing Housing Unit from 08/01/20 to 08/18/20, for which did not include any blanket, pillow case or sheet exchange, (6) Monetary compensation for the injuries caused by the allegations set forth in this instant CDCR-602, (7) That reviewing staff admit that prior to the CTF/OCS racial STG raid, CTF-C did NOT have any inmates that were COVID-19 positive.

Inmate/Parolee Signature: _Jason Smith_    Date Submitted: 08/18/20

# Exhibit D

| | | | | | |
|---|---|---|---|---|---|
| AD8099 | SMITH | US DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA | SAN FRANCISCO, CA | CW-223L | 8/5/20 |
| AD8099 | SMITH | OFFICE OF THE ATTORNEY GENERAL-STATE OF CA | SACRAMENTO, CA | CW-223L | 8/17/20 |
| AD8099 | SMITH | OFFICE OF THE CLERK-U.S. DISTRICT COURT NORTHERN DISTRICT OF CA. | SAN FRANCISCO, CA | CW-223L | 8/18/20 |
| AD8099 | SMITH | OFFICE OF THE CLERK-U.S. DISTRICT COURT NORTHERN DISTRICT OF CA. | SAN FRANCISCO, CA | CW-223L | 8/18/20 |
| AD8099 | SMITH | OFFICE OF THE CLERK-NORTHERN DISTRICT COURT-NORTHERN DISTRICT COURT | SAN FRANCISCO, CA | CW-223L | 8/18/20 |
| AD8099 | SMITH | OFFICE OF THE CLERK-U.S. DISTRICT COURT NORTHERN DISTRICT OF CA. | MCKINLEYVILLE, CA | CW-223L | 8/18/20 |
| AD8099 | SMITH | PRISON LAW OFFICE: DONALD SPECTER, ATTORNEY AT LAW | SAN QUENTIN, CA | CW-223L | 8/19/20 |
| AD8099 | SMITH | PAVONE AND FONNER, LLP | SAN DIEGO, CA | CW-223L | 8/28/20 |
| AD8099 | SMITH | OFFICE OF THE OMBUDSMAN | SACRAMENTO, CA | CW-223L | 9/8/20 |
| AD8099 | SMITH | US DISTCT COURT, NORTHERN DISTRICT OF CALIFORNIA | SAN FRANCISCO, CA | CW-223L | 9/9/20 |
| AD8099 | SMITH | OFFICE OF THE ATTORNEY GENERAL | SAN FRANCISCO, CA | CW-223L | 9/10/20 |
| AD8099 | SMITH | HALL, HIEATT & CONNELY, LLP | SAN LUIS OBISPO, CA | CW-223L | 9/10/20 |
| AD8099 | SMITH | PAVONE AND FONNER, LLP | SAN DIEGO, CA | CW-223L | 9/29/20 |

**LEGAL MAIL - ATTORNEY/CLIENT PRIVILEGE**



US POSTAGE AND FEES PAID

FIRST – CLASS
Sep 24 2020
Mailed from ZIP 92107
2oz First – Class Pkg Svc Zone 4

13623207
CommercialBasePrice

062S0013292778



Part # 16297-435  RRDB
stamps
endicia
EXP 01/21

## FIRST – CLASS PKG SVC

PAVONE AND FONNER, LLP
BENJAMIN PAVONE, ESQ
600 W BROADWAY STE 700
SAN DIEGO CA 92101

B900

Shipped using PostalMate
Pkg:67472



CW-223U

SHIP TO:

CTF
MR JASON SMITH, AD8099
PO BOX 689
SOLEDAD CA 93960 – 0689

## USPS TRACKING #



9400 1118 9956 4459 6577 44

CTF MAILROOM
___ ed in Error
___ entifiable as Legal Mail
___ le 15, Sec. 3141(c)
___ Legal Mail
___ ved Opened/Damage at CTF
___ ate_____ Mailroom
                              Staff

**CTF MAILROOM**
✓ Opened in Error
___ Not Identifiable as Legal Mail
___ Per Title 15, Sec. 3141(c)
___ Not Legal Mail
___ Received Opened/Damage at CTF
___ Date 9/29/2020 Mailroom
                              Staff

ISU
STARR



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** SMITH, JASON ANDREW

**CDC#:** AD8099

**Current Location:** CTF-Facility C

**Date:** 02/15/2021

**Current Area/Bed:** C CW 2 - 223001L

**Log #:** 000000047670

**Claim # 001**

**Institution/Parole Region of Origin:** Correctional Training Facility

**Facility/Parole District of Origin:** CTF-Facility C

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Resources

**Sub-Category:** Mail

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals received this claim on 11/23/2020.

California Code of Regulations, title 15, provides the Office of Appeals 60 calendar days to complete a response. Due to the expiration of time, this response by the Office of Appeals will be the only response.

You do not need to resubmit this claim to the Office of Grievances or to the CDCR Office of Appeals.

**Decision: Time Expired**

State of California

Department of Corrections and Rehabilitation
Office of Appeals

# Memorandum



To:        Claimant

Subject:   **TIME-EXPIRED RESPONSE FROM THE OFFICE OF APPEALS**

Thank you for submitting your appeal for review by the California Department of Corrections, Office of Appeals. Pursuant to Title 15, section 3486(i)(10), if the Office of Appeals is not able to respond to a claim in 60 calendar days, as in this case, then the claim must be answered "time-expired." As a result, the answer provided by the Office of Grievances remains unchanged and this appeal is now closed. No further action will be taken by the Department and no appeal of this action is permitted under the regulations.

Also, pursuant to Title 15, section 3485(e), "The appeal package submitted by the claimant shall be stored electronically by the Department. The CDCR Form 602-2 shall contain a notification to the claimant that the documents submitted will not be returned to the claimant." Therefore, your Form 602-2 and any supporting documents are not included with this response.

However, a copy of your entire appeal package is maintained in your Central File. The process for requesting copies of documents contained in Central Files, often referred to as an *Olsen* review, can be found in the Department Operations Manual, sections 13030.16 and 13030.17.

Thank you,

HOWARD E. MOSELEY
Associate Director

 CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** SMITH, JASON ANDREW

**CDC#:** AD8099

**Current Location:** CTF-Facility C

**Date:** 11/04/2020

**Current Area/Bed:** C  CW  2 - 223001L

**Log #:** 000000047670

**Claim #: 001**

**Institution/Parole Region of Origin:** Correctional Training Facility

**Facility/Parole District of Origin:** CTF-Facility C

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Resources

**Sub-Category:** Mail

### I. CLAIM

The claimant alleges the Correctional Training Facility (CTF) Investigative Services Unit (ISU) deliberately opened his confidential mail to set him up, harass or retaliate against him. The claimant alleges the CTF ISU opening his confidential mail in an ongoing issue. The claimant further alleges it would be impossible for the CTF ISU to open his confidential mail unless they are illiterate or blind.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR Title 15, section 3084.1 Right to AppealCCR Title 15, Section 3144 Inspection of Confidential MailDOM Section 54010.12.3 Processing Incoming Confidential Mail

#### B. DOCUMENTS CONSIDERED

Grievance Log # 47670Claimants prior Grievances/602's within SOMS/ERMS

### III. REASONING AND DECISION

The claimant alleges the Correctional Training Facility (CTF) Investigative Services Unit (ISU) has conducted ongoing and deliberate opening of his confidential mail. The claimant did not provide any evidence to demonstrate ongoing or deliberate behavior of opening confidential mail intended for him. Additionally, this fact gather conducted a thorough review of all 69 Grievances/602's in the claimants SOMS and ERMS files and could not locate any evidence to demonstrate said ongoing behavior. It is not reasonable to believe, with the frequency of the claimants generated Grievances that if this was ongoing and deliberate behavior conducted by the CTF ISU that this would be the first Grievance the claimant has filed about these particular allegations.The interview statements made by involved staff and claimant were considered. All documentation provided was researched and thoroughly reviewed. Based upon the information received for this claim, no facts, evidence or additional information were gathered which would substantiate your claim of retaliation, harassment or ongoing misconduct by the CTF ISU. In fact, the CTF ISU notified the claimant of opening his confidential mail in error by providing a stamp on the incoming confidential mail envelope. This particular stamp provided notification which clearly states the envelope was opened in error, the date the envelope was opened in error and who opened the envelope in error. This process shows transparency by the CTF ISU.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of

Appeals.

| Staff Signature | Title | Date/Time |
|---|---|---|
| K. Mensing [MEKE003] | CDW (A) | 11/03/2020 |

**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

Side 1

IAB USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Smith           Jason | AD-8099 | CW/cell# 223 | Porter |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

==Ongoing/Intentional Tapering of Legal Mail==

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): On ==09/29/20,== I received "opened" mail from Pavone & Fonner, LLP, 600 West Broadway, Suite 700, San Diego, CA. 92101. This mail was clearly marked "Legal Mail" and "Attorney Client Privilege."

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): (1) That reviewing staff state the "NAME" of the ISU Staff that opened my Legal Mail on 09/29/20, (2) that this ongoing illegal conduct of repeatedly opening my Legal Mail cease and

**Supporting Documents: Refer to CCR 3084.3.**

XX Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Legal Mail - Attorney/Client Privilege opened by ISU Staff

☐ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: *Jason Smith*        Date Submitted: 10/08/20

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**        Staff – Check One: Is CDCR 602-A Attached? ☐ Yes    ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.

☐ Rejected (See attached letter for instruction) Date: ____ Date: ____ Date: ____ Date: ____

☐ Cancelled (See attached letter) Date: ____

☐ Accepted at the First Level of Review.

Assigned to: ____ Title: ____ Date Assigned: ____ Date Due: ____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: ____ Interview Location: ____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: ____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: ____ Title: ____ Signature: ____ Date completed: ____
(Print Name)

Reviewer: ____ Title: ____ Signature: ____
(Print Name)

Date received by AC: ____

AC Use Only
Date mailed/delivered to appellant ____ / ____

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**

CDCR 602-A (REV. 03/12)

Side 1

IAB USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|---|
| Smith | Jason | AD-8099 | CW/cell# 223L | Porter |

A. Continuation of CDCR 602, Section A only (Explain your issue): This ongoing, deliberate opening of my legal mails is in violation of California Code of Regulations Title 15 ("15 CCR"), sections 3141-3145, State and Federal laws. Incoming mail form an attorney at law is considered confidential per 15 CCR 3141(c)(6). Any confidential mail addressed to me must be opened in my presence, and the confidential mail may only be further inspected for GOOD CAUSE per 15 CCR 3144. The contents of my legal mail is none of CTF ISU business and opening it is a blatant violation of privilege communications between attorney client. I now assert, this is an attempt by CTF ISU staff to set me up, harass or retaliate against me for my ongoing litigious activities, for which is protected conduct and is NOT a violation of ANY policies, procedures, rules or laws. It was IMPOSSIBLE for ISU staff to have opened my clearly marked "Legal Mail" in error, as either they had to be "ILLITERATE" or "BLIND." I will seek injunctive orders and damages if this illegal, pervasive conduct continues.

Inmate/Parolee Signature: *Jason Smith*    Date Submitted: 10/08/20

B. Continuation of CDCR 602, Section B only (Action requested): desist, (3) Monetary compensation for the events set forth in this instant grievance.

Inmate/Parolee Signature: *Jason Smith*    Date Submitted: 10/08/20

STAFF USE ONLY

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITA

Page 1

47670

| STAFF USE ONLY | Appeal #:_____ | Date Received:_____ |
| --- | --- | --- |
| | Date Due:_____ | |
| | Categories:_____ | |
| | Grievance #:_____ | |

Claimant Name:_____ CDCR #:_____

Current Housing/Parole Unit:_____ Institution/Facility/Parole Region:_____

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

**Claim #s:**
_____
_____
_____

*This is the process to appeal the decision made regarding a claim that is not listed above.*

**Claim #:** 001 _____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

*I am dissatisfied with the response I was given because* either K.Mensing CDW(A) is purposefully attempting to misconstrue the factual allegations asserted by Appellant, ~~████████~~ ~~████████~~ and is incapable of conducting the efficient duties of a Chief Deputy Warden. Appellant asserted that the ongoing opening of his legal mail wa ongoing, not that CTF "ISU" has conducted ongoing and deliberate opening of his mail. It is not a surprise that ~~████████~~ K.Mensing could NOT identify that Appeal Log# 000000018987 is a CDCR-602 Appellant submitted on 07/20/20, to the Office of Grievance at Correctional Training Facility concerning the intentiona tampering of Appellant's legal mail by CTF staff. K.Mensing has once again de-monstrated how ~~████████~~ *MISCONSTRUING* he is to state the deliberate opening of my legal mail by CTF ISU was a transparent process, yet refusing to name the staff that open it.

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't hav the documents, identify them as best you can below:

_____
_____
_____
_____
_____

# Exhibit E

OFFICES OF

PAVONE &  FONNER, LLP

A LAW PARTNERSHIP

June 21, 2020

Mr. Craig Koenig, Warden
Correctional Training Facility
PO Box 689
Soledad CA 93960-0689

Dear Mr. Koenig:

My office represents William Milton. I am informed by him that two guards of yours, Messrs. K. Gibbs and T. Selby, opened up several packages that were clearly marked "Legal Mail" and "Attorney Client Privilege." They found several books intended for my client.

These books are research materials I have instructed Milton to read in anticipation of litigation – all of which is none of CDCR's business – and constitutes a flagrant violation of our sacred right to private communications between attorney and client. Sorry to report, but no, my directions to my client to become educated about a particular subject by reading historical literature do not involve the transmission of contraband, sir.

I would like an immediate explanation why anyone at CTF would even think to open up attorney-client privileged materials in the first place, before I take this issue up with the Secretary, and as necessary with the Governor's office, and/or start working on a second lawsuit with my client to seek expensive injunctive orders ending your office's illegal practices.

Needless to say, we demand these materials be immediately returned to Milton so he can get to work. Thank you for your prompt attention to this matter.

Sincerely,

PAVONE & FONNER, LLP

Benjamin Pavone, Esq.
Attorneys for William Milton

cc:  CTF Litigation Coordinator
Via Fax: 831 678 5866

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL**

CDCR 602 (REV. 03/12)

**Side 1**

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |
| | *FOR STAFF USE ONLY* | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Milton, William | P38650 | XW-137 Low | Crapper Cleaner |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): **Improper Confiscation of Confidential Legal Research Materials in Anticipation of a Lawsuit Constituting an Illegal Delay and/or Denial of Access to the Courts**

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): **On June 16, 2020, Prison Employees K. Gibbs and T. Selby illegally confiscated legal research materials that was sent to me by my attorney (Benjamin Pavone, Esq.). The confiscation of the legal research materials was done in violation of clearly established laws, and in violation of**

B. Action requested (If you need more space, use Section B of the CDCR 602-A): **I request monetary compensation for all injuries caused by the events set forth herein. I also request: (1) Delivery of the legal research materials that were confiscated; and, (2) An end to the practice of opening legal/confidential mail in violation of 15 CCR §§ 3141-3145.**

Supporting Documents: Refer to CCR 3084.3.

[X] Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

**Supporting CDCR 602-A; CDCR 1819 Notification of Disapproval for Mail**

[ ] No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: _____    Date Submitted: **6-19-20**

[ ]  **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached? [ ] Yes  [ ] No

This appeal has been:

[ ] Bypassed at the First Level of Review. Go to Section E.

[ ] Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____

[ ] Cancelled (See attached letter) Date: _____

[ ] Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: [ ] Granted  [ ] Granted in Part  [ ] Denied  [ ] Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
          (Print Name)

Reviewer: _____ Title: _____ Signature: _____
          (Print Name)

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

*STAFF USE ONLY*

STATE OF CALIFORNIA                                        DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)                                                                                    **Side 1**

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

*FOR STAFF USE ONLY*

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
**Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| **Milton, William** | **P38650** | **XW-137 Low** | **Crapper Cleaner** |

A.  Continuation of CDCR 602, Section A only (Explain your issue) : **the California Code of Regulations,**
**Title 15 ("15 CCR"), sections 3141-3145. Gibbs and Selby opened, inspected, and confiscated legal research materials outside my presence. The incoming packaging was clearly marked "Legal Mail/Privileged." The return address was clearly marked: "Pavone & Fonner, LLP, 600 West Broadway, Suite 700, San Diego, CA 92101," and postage was fully prepaid. Mail received from confidential correspondents is to be processed regardless of weight or postage class. (15 CCR §3141(b).) Incoming mail from an attorney at law is considered confidential. (Id. at (c)(6).) Confidential mail addressed to me is to be opened in my presence. (15 CCR §3143(a).) Confidential mail is to be opened and inspected for contraband in my presence. Inspecting correctional officials cannot read any of the contents of the confidential mail, and confidential mail may be further inspected FOR CAUSE ONLY. (15 CCR §3144.) Cause may include, but is not limited to, the reasonable belief by correctional officials that the confidential mail is not addressed to or is not from an official or office listed in Section 3141. (Id. at (a).) Here, protocols were not followed. Said prison officials simply opened, inspected, and removed my legal research materials. Said officials then forwarded me a CDCR 1819 leaving the Sender/Designee Information section blank - as though I had no idea where my legal materials were coming from and to conceal the fact that they illegally opened my mail. This is an indication that said practice is common. My attempt to file suit is significantly delayed or denied.**

Inmate/Parolee Signature: _____        Date Submitted: **6-19-20**

B.  Continuation of CDCR 602, Section B only (Action requested): **Additionally, I request this grievance be processed on this**
**old CDCR 602/CDCR 602-A forms as THE NEWLY ADOPTED GRIEVANCE FORMS ARE CURRENTLY UNAVAILABLE HERE AT CTF CENTRAL.**

Inmate/Parolee Signature: _____        Date Submitted: **6-19-20**

STAFF USE ONLY

*Exhibit "A"*

**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)                                                                                                    Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |
| | *FOR STAFF USE ONLY* | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Oliver, Anthony-Wayne | C94894 | C-GW-253L | N/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Staff Complaint

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 06-12-2020, at approximately 1000 hours, Captain T. Selby, spoke to me by institutional telephone. At which time Captain T. Selby, stated: "You complained about your legal mail being opened and confiscated outside your presence.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): (1) declare my rights was infringed upon when the mailroom opened my legal mail out my presence received from the " VCGCB Government Claims Program;" (2) Second Level Response provide the Mailroom staff names

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
CDCR Form 22 dated 4-29-20;    front page of VCGCB Claim Form Rev. 5/2017.
Sections of CCR 3141, 3144 and

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature *Anthony W. Oliver*    Date Submitted: 06-25-2020
WITHOUT PREJUDICE
☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?    ☐ Yes    ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:    ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
                    (Print Name)

Reviewer: _____ Title: _____ Signature: _____
                    (Print Name)

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.**    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| OLIVER, Anthony-Wayne | C94894 | C GW-253L | AIA |

A. Continuation of CDCR 602, Section A only (Explain your issue) : We're public servants if you don't like the way we're doing things you can take us to court you're suing everybody anyway." When I attempted to point out to the Captain that the Title 15, Stated it's legal mailings. The Captain told me " I Am the Captain what I SAY goes I don't give a fuck about the Title 15 and we're going to keep opening your mail." I contend Captain Selby have been opening and reading my legal mail outside my presence in violation of CCR 3143, 3165(a) and State and federal law. In Richer Could this explain why I have been targetted by un-known staff for reprisals during 2018-2020? This is a custom and common practice by CTF mailroom opening inmates legal mail deliberate and from the Captain's point of view gave approval as the Supervisor(s). Therefore, this matter be investigate and this illegal infringement on my constitutional rights cease and desist.

Inmate/Parolee Signature: _Anthony Wayne Oliver_  WITHOUT PREJUDICE    Date Submitted: 06-25-2020

B. Continuation of CDCR 602, Section B only (Action requested): (i.e., first Initial(s) and last name(s) who initial the envelopes attached opening the legal mail on 3/5 & 3/17 and the names of staff who worked during MAR-MAY 2020 names My legal Envelopes attached are Postmarked in order for me to comply with CCR 3084.2. Subd. (a)(3); (3) I request to be compensated; (4) No New CDCR 602 Form available; (5) This matter be investigated by the Allegation Inquiry Management Section (AIM).

Inmate/Parolee Signature: _Anthony Wayne Oliver_  WITHOUT PREJUDICE    Date Submitted: 06-25-2020

(Note: Supervisor's Review Has 7-Working Days to Respond [CCR 3086(h)])

STATE OF CALIFORNIA
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (PRINT): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| OLIVER | Anthony | C-94894 | *Anthony W. Oliver* WITHOUT PREJUDICE |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| C GW 253L | A1A | | CLARITY: CCR Sec. 3165 subt. (2) |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

I have previously had the Unit to forward my CDCR 22 to the Mailroom staff and then Requesting Supervisor's Review with no response. The Mailroom staff have continued opening my "LEGAL MAIL" from the Goverment Claims Board" stating the mail is not Legal mail or Confidential mail. I presented CCR 3165(2) is my support of the former VCGCB/Gov't Claims Branch in 2016, seperated the two entities on their website and the GCB is in the New office: DEPT. of General Services, office of RISK AND INSURANCE MANAGEMENT, Government Claims PROGRAM, P.O. Box 989052, MS 414, West Sacramento, CA 95798-9052." (See Attached DGS ORIM 06 (Rev. 5/20/17 Current Front Page 1 of 5, Stationary). Will you please CLARIFY if CCR 3165(2) references this Agency AS "LEGAL MAIL?" If so, Notify Mailroom staff to Amend Avoid 602 APPEAL. THANK You.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: ___/___/___

☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| S. Nunez | 4/29/20 | | (CIRCLE ONE) YES NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| CAPTIAN T. Selby | | (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| K Gibbs OSSII | 5/6/20 | | 5/6/20 |

Please see attached Title 15 list of "Confidential Mail". The mailroom verifies Confidentiality of mail. The Goverment Claims Board is not listed by the Title 15.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

K. Gibbs, OSS II either is incompetent or deliberately avoided addressing the "Legal Mail" claims raised in this CDCR Form 22, for personal interests knowing that inmate is required to exhaust all claims alleged against CDCR Employees before they can proceed with their law suit in Court of competent Jurisdiction. CCR 3165(2) concern "MAILING LEGAL DOCUMENTS" this mailroom for inspection per CCR 3144 & 3145 have nothing to do with CCR 3141 referenced by the OSSII. Goverment Claims Board & VCGCB is Legal Mail IS it Not? Per 3165(2).

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| *Anthony W. Oliver* Without Prejudice. | 05-13-2020 |

## SECTION D: SUPERVISOR'S REVIEW  AW BUSINESS SERVICES

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| T SELBY | 6/12/2020 | | 6/16/2020 |

AS Previously Stated, THE VCGCB is NOT Listed AS being Confidential source, refer to attached AS well AS CCR 15 Section 3141.