UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br>　　　　Plaintiff,<br>　v.<br><br>JESUS LOPEZ, et al.,<br>　　　　Defendants. | Case No. 22-cv-02779 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against officers of the Prison Investigative Services Unit ("ISU") at the Correctional Training Facility ("CTF"), where he is currently confined. Dkt. No. 1 at 6. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Dkt. No. 2.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that following an "institutional racial raid" on July 20, 2020, he began sending letters to various legal entities requesting an inquiry, investigation, or any other form of assistance for the prisoners who were targeted in the raid. Dkt. No. 1 at ¶ 18. He sent one letter to the Office of Internal Affairs, and another to the Pavone and Fonner Law Firm. *Id.* On August 17, 2020, Plaintiff received a response to his letter to the Office of Internal Affairs from Warden Craig Koenig. *Id.* at ¶ 19. The following day, on August 18, 2020, Plaintiff submitted an inmate grievance alleging violations of his constitutional rights in connection with the July 20, 2020 raid. *Id.* at ¶ 20. On September 29, 2020, Plaintiff received correspondence from attorney Benjamin Pavone, which was clearly marked "Legal Mail – Attorney/Client Privilege." *Id.*; Dkt. No. 1 at 40 (Ex. D). However, the mail was marked by the CTF mailroom as "opened in error" with the notation "ISU Staff." *Id.* at 41.

Plaintiff claims that this mail was "opened purposefully by ISU staff" and that the mail was opened after prison officials became aware of his letter to the Office of Internal Affairs and the filing of his grievance. *Id.* at ¶ 23. Plaintiff claims that the opening of his legal mail outside of his presence violated his rights under the First Amendment. *Id.* He seeks declaratory and injunctive relief as well as damages. *Id.* at 3.

Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent

2

between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court).  But "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence."  *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017).  *See also O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government).

      Plaintiff's allegations are insufficient to state a violation of his First Amendment right.  Specifically, his contention that this single item of mail was intentionally opened outside of his presence by this large group of guards is not plausible as pled.  Plaintiff provides a list of thirteen individuals who are officers within the ISU and makes identical allegations against each of them.  Dkt. No. 1 at ¶¶ 4-16.  However, he thereafter makes no further mention of them anywhere in his factual allegations.  *Id.* at ¶¶ 17-32.  Rather, it appears that he named these individuals simply because they work in the ISU.  However, there is no allegation that any of these specific individuals was directly involved in the opening of Plaintiff's legal mail on September 29, 2022.  Furthermore, Plaintiff provides several exhibits in support, but none of these individual's names appear in any of the documents therein.  *Id.* at 24-55.  In one letter from his attorney's office dated June 21, 2020, Mr. Pavone states that Plaintiff identified two guards, K. Gibbs and T. Selby, as opening several packages marked "Legal Mail" and "Attorney Client Privilege"; CTF was requested to return the items to Plaintiff to avoid further legal action.  Dkt. No. 1 at 50 (Ex. E).  However, Plaintiff does not name either Mr. Gibbs or Mr. Selby in this action, nor is there any indication that these guards worked in the ISU to implicate that Unit in this matter.  Furthermore, that attorney letter was dated a month before the July 20, 2020 raid, and therefore it cannot be said that the opening of this particular legal mail had anything to do with the raid and this action.

In the interest of justice, Plaintiff shall be afforded one opportunity to file an amended complaint that contains sufficient factual allegations to support a First Amendment claim based on the opening of his legal mail on September 29, 2020, linking each named defendant to this single incident.

In preparing an amended complaint, Plaintiff shall keep the following legal principals in mind.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complaints.  *See Leer*, 844 F.2d at 633.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.  The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 22-cv-02779 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no

4

longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action for failure to state a claim for relief, without further notice to Plaintiff.**

IT IS SO ORDERED.

Dated:  __September 13, 2022____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.22\02779Smith_dwlta

5