1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON SMITH,

          Plaintiff,

   v.

JESUS LOPEZ, et al.,

          Defendants.

Case No. 22-cv-02779 BLF (PR)

**ORDER OF SERVICE; DIRECTING
DEFENDANTS TO FILE
DISPOSITIVE MOTION OR
NOTICE REGARDING SUCH
MOTION; DENYING REQUEST
FOR APPOINTMENT OF
COUNSEL; INSTRUCTIONS TO
CLERK**

Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. §
1983, against officers of the Prison Investigative Services Unit ("ISU") at the Correctional
Training Facility ("CTF"), where he is currently confined. Dkt. No. 1. The Court
dismissed the complaint with leave to amend. Dkt. No. 3. Plaintiff filed an amended
complaint, in which he also requests appointment of counsel. Dkt. No. 8.

**DISCUSSION**

**A.    Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a
prisoner seeks redress from a governmental entity or officer or employee of a
governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

United States District Court
Northern District of California

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**   **Plaintiff's Claims**

Plaintiff claims that following an "institutional racial raid" on July 20, 2020, he began sending letters to various legal entities requesting an inquiry, investigation, or any other form of assistance for the prisoners who were targeted in the raid. Dkt. No. 8 at ¶ 17. He sent one letter to the Office of Internal Affairs, and another to the Pavone and Fonner Law Firm. *Id.* On August 17, 2020, Plaintiff received a response to his letter to the Office of Internal Affairs from Warden Craig Koenig. *Id.* at ¶ 18. The following day, on August 18, 2020, Plaintiff submitted an inmate grievance alleging violations of his constitutional rights in connection with the July 20, 2020 raid. *Id.* at ¶ 19. On September 29, 2020, Plaintiff received correspondence from attorney Benjamin Pavone, which was clearly marked "Legal Mail – Attorney/Client Privilege." *Id.* at ¶ 20. However, the mail was marked by the CTF mailroom as "opened in error" with the notation "ISU Staff." *Id.* at ¶ 21. Plaintiff claims that the mail was opened by Defendant "ISU K9 Mell." *Id.*

Plaintiff claims that his mail was opened purposefully by ISU C. Mell, and that the mail was opened after prison officials became aware of his letter to the Office of Internal Affairs and the filing of his grievance. *Id.* at ¶ 22. Plaintiff claims that when Defendant Mell opened his legal mail, "all the name Defendants were present, failed to act and/or intervene; thereby making them acquiescent of a First Amendment violation." *Id.* at ¶ 26. Plaintiff claims that Defendants opened and read his legal mail in retaliation for petitioning

2

United States District Court
Northern District of California

the government for redress of grievances and that their actions violated his rights under the First Amendment to free speech. *Id.* He seeks declaratory and injunctive relief as well as damages. Dkt. No. 8 at 19-21.

Liberally construed, Plaintiff's allegations are sufficient to state claims under the First Amendment for the unauthorized inspection of his legal mail outside of his presence and for retaliation. *See Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017); *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff requests appointment of counsel as part of his prayer for relief, asserting that he is a "lay-person and un-skilled at law." Dkt. No. 8 at 20-21. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's grounds for appointment of counsel do not amount to exceptional circumstances. Accordingly, the motion is DENIED. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1.      The following defendants shall be served at the Correctional Training Facility in Soledad:

3

United States District Court
Northern District of California

a.  **Lt. J. Lopez, Investigative Services Unit**

b.  **Sgt. H. Vera, Investigative Services Unit**

c.  **Sgt. J. Peffley, Investigative Services Unit**

d.  **Officer Z. Brown, Investigative Services Unit**

e.  **Officer S. Mora, Investigative Services Unit**

f.  **Officer C. Bravo, Investigative Services Unit**

g.  **Officer H. Madsen, Investigative Services Unit**

h.  **Officer B. Barron, Investigative Services Unit**

i.  **Officer H. Orozco, Investigative Services Unit**

j.  **Officer V. Garcia, Investigative Services Unit**

k.  **Officer C. Vergara, Investigative Services Unit**

l.  **Officer C. Mell, Investigative Services Unit – K9**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 8, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for

4

United States District Court
Northern District of California

each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See*

*Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:   __February 23, 2023_____**

BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.22\02779Smith_svc

United States District Court
Northern District of California